The opinion of the court was delivered by
Manning, C. J.
The plaintiff avers that he is the owner of a sugar *275 plantation in Iberville parish, and that the defendant, without his consent and despite his express prohibition, has entered upon the plantation and is engaged in laying off and constructing thereon a railroad extending across the whole of his land, without having caused an expropriation thereof to be made — that this railroad is being laid in such manner as to endanger the safety of his sugar-house, and is destroying the crops of cane and corn growing on the land — that the excavations of the defendant’s agents and employees have already damaged him in the sum of five'hundred dollars, and if the defendant shall persist in constructing the road in the manner proposed, he would be further damaged in the sum of two thousand dollars, independent of the value of the land thus occupied. An injunction was prayed and obtained, prohibiting the defendant from entering upon the land, and constructing the road-bed, and from making any embankments or excavations upon his land, and judgment was prayed against the company for five hundred dollars for damages already sustained by its tortious acts.
The defendant pleaded the general issue, and specially averred that the acts and works complained of, and prayed to be injoined, were done and completed before any injunction was served upon it, and therefore there was nothing to injoin — that the company had a legal right to enter upon the plaintiff’s land for the construction of the works complained of, and had been induced to believe by the acts, speeches, and declarations of the plaintiff that such entry upon his land and construction of the road thereon would meet with his approval, and that he is now estopped from shifting his position, and claiming damages. It is then averred, that so far from damaging him, the construction of the road across his land has enhanced its value, and will enhance it more in the future.
A jury was empanelled to try the issues thus raised, and on reading the petition, the judge below was of opinion that he had not jurisdiction of the ease, because the sum involved did not exceed five hundred dollars, and on motion of defendant he accordingly dismissed the suit.
The plaintiff relies upon Crescent City L. S. & S. Co. v. Larrieux, 30 Annual, 798, where we said ;—
“ The substance of its allegation is, first, that defendant has already, by past acts, damaged it in the sum of $200; and second, that if permitted to continue, it will irreparably injure plaintiff in the enjoyment of its exclusive rights, privileges, and emoluments under its charter. It is made to appear by affidavit, that these rights and privileges thus alleged to have been invaded, and which will continue to be so invaded, are of a value exceeding $500, etc. We think that under the allegations of the petition, the terms of the charter and the affidavit, the matter in dispute is shown to be within the jurisdiction of this court.”
*276 In that case, there was no averment of the amount of damages that would be sustained by the continuance of the obnoxious acts, but merely that such continuance would work irreparable injury, and it appeared only by affidavit that the prospective damages would exceed five hundred dollars. In the present case, the prospective damages are laid at a designated sum, set out in the petition, and under the authority of Larrieux’s case the district court had jurisdiction. Therefore
It is ordered that the judgment of the lower court is avoided and reversed, and the cause is remanded to be proceeded with according to law, the defendant paying costs of appeal.